Filed 12/31/13  P. v. Williams CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B245153 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA093067) |
| v. | |
| ROBERT WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark Kim, Judge.  Affirmed.

Marilee Marshall & Associates, Inc., and Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Robert Williams was convicted by jury of petty theft with multiple prior convictions.  (Pen. Code, § 666.)[1]  Defendant, representing himself, admitted he had suffered two prior serious felony convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and five prior prison terms (§ 667.5, subd. (b)).  He was sentenced to six years in prison, consisting of the upper term of three years doubled pursuant to the three strikes law.

Defendant stole six CD's from a public library.  At trial, he conceded that he stole the CD's.  His defense was that he acted under duress because a homeless man in a nearby park threatened to harm him with a knife, beat him, and tie him up if he did not steal the CD's and bring them to him.  Defendant contends the jury was not properly instructed it was the prosecution's burden to prove, beyond a reasonable doubt, that he did not act under duress in violation of his constitutional right to a jury trial and right to due process.

We affirm the judgment.

## DISCUSSION

The trial court instructed the jury on duress pursuant to CALJIC No. 4.40:  "A person is not guilty of a crime when he engages in conduct, otherwise criminal, when acting under threats and menaces under the following circumstances:  [¶]  1.  Where the threats and menaces are such that they would cause a reasonable person to fear that his life would be in immediate danger if he did not engage in the conduct charged, and [¶]  2. If this person then actually believed that his life was so endangered.  [¶]  This rule does not apply to threats, menaces, and fear of future danger to his life."

The Attorney General contends that because defendant failed to request any clarification of the instruction given, he has forfeited his challenges to the instruction.  "A defendant who believes that an instruction requires clarification must request it."  (*People*

---

[1]  Unless otherwise indicated, all statutory references are to the Penal Code.

*v. Coddington* (2000) 23 Cal.4th 529, 584, overruled on another ground in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13.) We agree the issue has been forfeited.

However, a defendant may assert instructional error affecting a substantial right even if that error was not raised in the trial court on appeal. (§ 1259; *People v. Coffman and Marlowe* (2004) 34 Cal.4th 1, 103, fn. 34.) Because we must examine the issue on the merits to determine if defendant's substantial rights were affected, we will review defendant's claims to determine the existence and effect of the asserted error. (*People v. Andersen* (1994) 26 Cal.App.4th 1241, 1249.)

The substance of CALJIC No. 4.40 was approved in *People v. Quinlin* (1970) 8 Cal.App.3d 1063, 1068 (approving CALJIC No. 71-F with identical language). CALJIC No. 4.40 contains no reference to the prosecution's burden of proof beyond a reasonable doubt. Defendant contends the Sixth and Fourteenth Amendments of the federal Constitution require the jury be properly instructed on this burden. (See *Sullivan v. Louisiana* (1993) 508 U.S. 275.) He argues the jury could have understood the instruction to mean he had the burden of proving he acted under duress.

We conclude there is no reasonable likelihood the jury misunderstood the burden of disproving the duress defense beyond a reasonable doubt rested with the prosecution. (See *People v. Clair* (1992) 2 Cal.4th 629, 663 [court reviews ambiguous jury instruction to determine whether there is a reasonable likelihood jury misunderstood the instruction in violation of the defendant's rights].) The adequacy of the jury charge must be determined from the entirety of the charge, not from a single instruction. (*People v. Frye* (1998) 18 Cal.4th 894, 957, overruled on other grounds by *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) Jury instructions must be read together and understood in context as presented to the jury. (*People v. Rhodes* (1971) 21 Cal.App.3d 10, 20.) Jurors are presumed to be intelligent people, capable of understanding and correlating all instructions. (*People v. Mills* (1991) 1 Cal.App.4th 898, 918.)

No instruction, on any subject in this case, placed a burden of proof on defendant, and there is no logical reason the jury would have imputed one to him. The jury was

3

given CALJIC No. 1.01, which instructs not to single out any individual instruction and ignore others. Pursuant to CALJIC No. 2.90, the trial court instructed that defendant was presumed innocent, and "[t]his presumption places upon the People the burden of proving him guilty beyond a reasonable doubt." Because CALJIC No. 4.40 told the jury defendant was not guilty if he acted under duress and CALJIC No. 2.90 instructed the prosecution had the burden of proving him guilty, the instructions, as a whole, reasonably communicated that to prove defendant guilty, the prosecution must prove beyond a reasonable doubt that defendant did not act under duress.

## DISPOSITION

The judgment is affirmed.


KRIEGLER, J.


We concur:


MOSK, Acting P. J.


MINK, J.[*]

---

[*]     Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.